**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHEEM BRYANT,<br><br>　　　　　Plaintiff,<br>　v.<br>CITY OF NEWARK, ET AL.,<br>　　　　　Defendants. | Civil Action No.: 2:19-cv-17592<br><br>**Opinion & Order** |

**CECCHI, District Judge.**

　　　　This matter comes before the Court on defendant the City of Newark ("Defendant" or "Newark") and defendant Officer Xavier O. Pimentel's ("Defendant" or "Officer Pimentel") motion for summary judgment in part and motion to dismiss in part as against Plaintiff Raheem Bryant's ("Plaintiff") First Amended Complaint (ECF No. 58), pursuant to Federal Rules of Civil Procedure 56 and 12(b)(6). ECF No. 62. Plaintiff opposed the motions (ECF No. 63), and Defendants replied (ECF No. 66). With his opposition, Plaintiff submitted an affidavit pursuant to Fed. R. Civ. P. 56(d) requesting that more discovery occur before this Court decides Defendants' summary judgment motion. ECF No. 65; and

　　　　**WHEREAS** the instant action arises out of Plaintiff's claims that Officer Pimentel used excessive force against him during an attempted arrest. Specifically, on August 31, 2017, Plaintiff alleges that Newark police officers received a report that a white BMW convertible was stolen. ECF No. 58 at 11. Later that day, officers allegedly observed Plaintiff driving a car matching the stolen vehicle's description, and they began a motorized pursuit of Plaintiff. *Id.* Plaintiff further alleges that minutes into the chase, officers, including Officer Pimentel, managed to stop Plaintiff. *Id.* Plaintiff alleges that after he was stopped, Officer Pimentel, with his service firearm drawn,

approached Plaintiff, and ordered him to exit the vehicle. *Id.* at 11–12. As Plaintiff allegedly attempted to comply with Officer Pimentel's instructions, Officer Pimentel shot Plaintiff, causing him serious injury. *Id.* at 12; and

**WHEREAS** in his First Amended Complaint, Plaintiff alleges claims for excessive force against Officer Pimentel under 42 U.S.C. § 1983 (Claim One); inadequate training, supervision, and discipline against Newark under § 1983 (Claim Two); maintaining a custom of excessive force against Newark under § 1983 (Claim Three); excessive force against Officer Pimentel and Newark under the New Jersey Civil Rights Act ("NJCRA"), New Jersey Statutes Annotated 10:6-2 (Claim Four); and *respondeat superior* against Newark under the NJCRA (Claim Five). ECF No. 58 at 13–16; and

**WHEREAS** Defendants moved for partial summary judgment as against Claims One through Four of the First Amended Complaint. ECF No. 62. Defendants also moved to dismiss Plaintiff's *respondeat superior* claim pursuant to Fed. R. Civ. P. 12(b)(6), arguing that such a claim is not available under the NJCRA. *Id.* at 10–11; and

**WHEREAS** before a court can decide a motion for summary judgment, it must provide the non-moving party with an adequate opportunity to conduct discovery. *See Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988). In its opposition to a summary judgment motion, a party may request additional discovery under Rule 56(d) by filing an affidavit specifying "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why [that information] has not previously been obtained." *Pa. Dep't Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling*, 855 F.2d at 139). Proper Rule 56(d) requests are usually granted "as a matter of course," particularly "when there are discovery requests outstanding or where relevant facts are under control of the party moving for summary judgment."

*In re Avandia Mktg., Sales & Prods. Liab. Litig.*, 945 F.3d 749, 761 (3d Cir. 2019) (quoting *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015)). If further discovery as requested in an affidavit filed under Rule 56(d) could place material facts in dispute, a court should not grant a pending summary judgment motion. *See Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007); and

**WHEREAS** here, Plaintiff properly filed an affidavit with his Opposition requesting additional discovery under Rule 56(d), and specifying the information sought and why that information precludes ruling on Defendants' summary judgment motion at this time. *See* ECF No. 65; *Shelton*, 775 F.3d at 568 (finding that a party may submit its Rule 56(d) affidavit by "simply attaching an appropriate affidavit . . . to that party's response to a motion for summary judgment"); and

**WHEREAS** specifically, Plaintiff has requested to depose civilians and Newark Police Department officers, who witnessed the incident, including Officer Pimentel. ECF No. 65. Plaintiff has also requested written materials held by Defendant to prepare for taking these depositions. *Id*. Moreover, Plaintiff has requested "documents and communications" related to the Newark Police Department's investigation into the shooting. *Id.*; and

**WHEREAS** the requested information bears on a material issue of fact—whether a reasonable police officer in Defendant's position would have acted as Defendant did. *See Graham v. Connor*, 490 U.S. 386, 395–97 (1989) (noting that reasonableness is an element of excessive force claims); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (finding that a fact is material if it relates to an element of the moving party's case); and

**WHEREAS** further, Plaintiff has represented to the Court that Defendant has not fully responded to Plaintiff's discovery requests. ECF No. 87; and

**WHEREAS** thus, because resolving the outstanding discovery disputes may create a material issue of fact, summary judgment as to Claims One through Four is not appropriate at this time. *See Harley v. Paulson*, No. 07-3559, 2008 WL 5189931, at *5 (D.N.J. Dec. 9, 2008); and

**WHEREAS** turning now to the Rule 12(b)(6) motion, the Court finds that Claim Five is subject to dismissal because under the NJCRA Newark cannot be liable for Officer Pimentel's alleged excessive use of force against Plaintiff pursuant to a theory of *respondeat superior*; and

**WHEREAS** courts have "repeatedly interpreted NJCRA analogously to § 1983." *Jackson v. Cnty. Of Cumberland*, No. 19-18755, 2020 WL 7334187, at *3 (D.N.J. Dec. 14, 2020) (quoting *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011)). Under § 1983, a municipality cannot be held liable for the misconduct of its employees based on a theory of *respondeat superior* unless "the municipality itself causes the constitutional violation at issue." *Hatcher v. City of Jersey City Police Dep't*, No. 15-8303, 2019 WL 949337, at *5 (D.N.J. Feb. 27, 2019). A municipality causes a constitutional violation when it establishes or maintains a policy, practice, or custom which directly leads to the alleged constitutional harm. *See A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 585 (3d Cir. 2004); and

**WHEREAS** here, Plaintiff alleges that Officer Pimentel's use of excessive force caused the Plaintiff's injuries, and, that because Officer Pimentel was acting within the scope of his employment at the time of his alleged misconduct, Newark is also liable for Plaintiff's excessive force injuries. ECF No. 58 at 16; and

**WHEREAS** however, as alleged in Claim Five, Plaintiff pleads no facts to establish that Newark caused his injuries. *See Hatcher*, 2019 WL 949337, at *5. Instead, Plaintiff alleges that Newark is liable simply because it is Officer Pimentel's employer. This type of *respondeat*

*superior* liability is not permitted under § 1983. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013); and

**WHEREAS** because § 1983 and the NJCRA are read analogously, *respondeat superior* liability as alleged in Claim Five is barred by the NJCRA. Therefore, Claim Five warrants dismissal. *See Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *8 (D.N.J. July 15, 2015).

Accordingly, **IT IS** on this 22nd day of December, 2021;

**ORDERED** that Defendants' motion for summary judgment in part as against Claims One through Four (ECF No. 62) is denied without prejudice; and it is further

**ORDERED** that Defendants may renew their motion for summary judgment upon the completion of discovery; and it is further

**ORDERED** that Defendants' motion to dismiss Claim Five (ECF No. 62) is granted. Claim Five is dismissed without prejudice; and it is finally

**ORDERED** that to the extent Plaintiff can cure the pleading deficiencies discussed in this Order, Plaintiff may file a second amended complaint within thirty (30) days of the date of this Order.

**SO ORDERED**.

s/ Claire C. Cecchi<br>
**CLAIRE C. CECCHI, U.S.D.J.**